UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05-cr-188 and |
| | ) | 2:12-cv-281 |
| JUSTIN D. MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is federal prisoner Justin D. Moore's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. [DE 77.] Because Moore filed the motion well outside of § 2255's one-year statute of limitations, and because equity does not toll the limitations period, his motion is denied.

Moore was indicted in 2005. Undercover agents had discovered him in an online chatroom where he advertised "100% preTeenGirlSexPics." An investigation revealed that Moore ran a server that contained approximately 13,000 single-image files and 30 video files containing child pornography, including pictures of girls as young as 5 years old. As the administrator of this server, Moore allowed other users to access the images on the server in exchange for uploading similar images or videos. Moore pled guilty to one count of distributing child pornography and one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). He was sentenced to 210 months in prison – the low-end of the range under the Federal Sentencing Guidelines – and judgment was entered on May 22, 2007. The Seventh Circuit affirmed Moore's conviction and sentence on May 28, 2008, and Moore did not petition for a writ of certiorari to the United States Supreme Court. Now, on July 23, 2012 – more than

four years after the Seventh Circuit's decision – Moore filed his § 2255 motion to vacate his conviction and sentence, alleging resentencing is necessary because of new holdings in recent child pornography cases and because of a "lack of jurisdiction."

A one-year statute of limitations applies to any motion to vacate, set aside, or correct a sentence under § 2255, which runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Moore recognizes that none of the first three options will make his motion timely, but he asserts that it is timely under the fourth option. He argues that "[a]t the end of November, 2011, the Movant found the factual basis for the resentencing ground. Due to a lack of knowledge, it took this time to fully research the case law and develop the claims. With that, this motion is timely filed." [DE 77 at 13.]

Section 2255(f)(4) only applies here if Moore can point to something that constitutes a newly discovered "fact." Moore's argument is essentially that "multiple cases in recent years" have changed the legal landscape for child pornography sentencing. But the cases he points to are little more than various expressions of frustration with parts of the sentencing guidelines. They do not constitute any real change in the law – much less a newly discovered fact.

Moreover, even assuming for the sake of argument that Moore's correct about the legal

landscape – *i.e.*, that there has been some substantive legal change – it would not help him under § 2255(f)(4). Substantive legal changes can, in narrow instances, be facts under this section. For instance, in *Johnson v. United States*, 544 U.S. 295 (2005), the Supreme Court determined that the vacatur of a defendant's prior state court conviction constituted a new "fact" for purposes of 28 U.S.C. § 2255(f)(4). *Id.* at 302. The Court reasoned that because the vacatur of the prior conviction was "subject to proof or disproof like any other factual issue," it was a "fact supporting the claim." *Id.* at 307.

But courts have declined to expand this ruling to encompass every substantive change in the law. *See Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007) (finding that under § 2244(d)(1)(c), a parallel limitations provision to § 2255(f)(4), state court rulings that modify the substantive law do not constitute a "factual predicate"). Likewise, an extension of *Johnson* is not warranted here because none of the cases Moore cites constitute a "fact" pertaining to his personal criminal history that alters or changes his legal status. *Id.* Construing every substantive change in the law as a new "fact" for the purposes of § 2255(f)(4) would render meaningless the limitations provision under § 2255(f)(3), which provides that § 2255 motions may be filed within one year of a retroactive change in the law as pronounced by the Supreme Court. Accordingly, because he has not pointed to any "facts" within the meaning of § 2255(f)(4), Moore's motion cannot be deemed timely under that provision.

Moreover, Moore has not alleged any "extraordinary circumstances" that would warrant equitable tolling of the statute of limitations. *See Holland v. Florida*, __U.S. __ 130 S.Ct. 2549, 2553 (2010) (holding that equitable tolling is only appropriate when an "extraordinary circumstance" stood in the way of a timely filing); *Johnson v. Chandler*, 224 Fed. App'x. 515, 519 (7th Cir. 2007) ("[W]e have yet to identify a factual circumstance so extraordinary that it

warrants equitable tolling.").

Because I am denying Moore's § 2255 motion, pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, I must issue or deny a certificate of appealability ("COA"). Rule 11(a), Rules Governing Section 2255 Proceedings. In order to issue a COA where the petition was dismissed on procedural grounds without addressing the underlying constitutional claim, I must find: (1) that reasonable jurists would find it debatable whether the procedural ruling was correct and (2) that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). This is a threshold inquiry, so I need only address one component if that showing will resolve the issue. *Id*. at 485. And I am mindful that courts should resolve procedural issues first if their resolution will avoid the need to address constitutional questions. *Id*.

Here, reasonable jurists would agree that equitable tolling does not excuse Moore's untimely § 2255 motion. As discussed above, Moore has no way around the statute of limitations, and he has not presented any extraordinary circumstances justifying equitable relief. Thus, I decline to issue a certificate of appealability. If Moore wishes to appeal this Opinion and Order, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

For the foregoing reasons, Moore's § 2255 motion is **DENIED** and **DISMISSED** with prejudice. [DE 77.] I **DECLINE** to issue a certificate of appealability. The clerk shall enter final judgment accordingly.

    **SO ORDERED.**

    ENTERED: July 26, 2012.      s/ Philip P. Simon
                                                            PHILIP P. SIMON, CHIEF JUDGE
                                                            UNITED STATES DISTRICT COURT